UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 1:18-cv-23635-UU

NADIA RIVERA, on behalf of herself and all others similarly situated,

    Plaintiff,

vs.

LUX COSMETIC SURGERY CENTER CORP., a Florida Profit Corporation; SEDUCTION COSMETIC CENTER CORP., a Florida Profit Corporation; NEW YOU PLASTIC SURGERY & SPA CORP., a Florida Profit Corporation; CG BEAUTY PLASTIC SURGERY CORP., a Florida Profit Corporation; JARDON'S MEDICAL FOR PLASTIC & BARIATRIC SURGERY CORP., a Florida Profit Corporation; BUTTERFLY COSMETIC CENTER CORP., a Florida Profit Corporation; LUIS R. JARDON, individually and GRETEL JARDON, individually,

    Defendants.
_____/

**JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT
AND FOR DISMISSAL WITH PREJUDICE**

Plaintiff, Nadia ("Plaintiff" or "Ms. Nadia") and Defendants, Lux Cosmetic Surgery Center Corp., Seduction Cosmetic Center Corp., New You Plastic Surgery & Spa Corp., CG Beauty Plastic Surgery Corp., Jardon's Medical For Plastic & Bariatric Surgery Corp., Butterfly Cosmetic Center Corp., Luis R. Jardon, and Gretel Jardon (collectively referred to as "Defendants") by and through their undersigned counsel, jointly notify the Court that the Parties have resolved the claims in this matter and hereby stipulate to the dismissal with prejudice of this action in its entirety pursuant to Rule 41 of the Federal Rules of Civil Procedure and to *Lynn's Food Stores v. U.S.*

1

*Dep't of Labor,* 679 F.2d 1350 (11th Cir. 1982), subject to the Court's approval of their settlement. In support of their Motion, the Parties incorporate the following memorandum of law.

The Parties jointly move the Court for entry of an Order approving the Parties' settlement and for dismissal of this action, with prejudice. To facilitate the Court's review of the Parties' settlement agreement (the "Agreement"), a copy of the executed Agreement is attached hereto.

**I.     Background**

Plaintiff was the sales manager of one, and then another, of the reconstructive surgery centers owned and run by one or more of the Defendants and she asserted a claim in this action for alleged unpaid wages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.* ("FLSA"). Defendants deny Plaintiff's claim asserting, *inter alia*, that Plaintiff was paid in full, Plaintiff was exempt, Defendants believed in good faith the Plaintiff was an independent contractor, that liquidated damages shouldn't be paid because Plaintiff acted in good faith, Defendants should receive credits for payments made to Plaintiff for work she did not perform, and that Defendants other than the actual employer, Seduction, were not engaged in a joint enterprise and were not joint employers.

From the onset of this litigation, the Parties laid out their respective positions on the facts and law, claims and defenses, exchanging case law and discussing their respective positions on the application of current law to the facts of this dispute. The Parties exchanged discovery, engaged in extensive settlement negotiations and, ultimately, the Parties were able to negotiate and agree on a settlement of this action under the terms set out in the attached Settlement Agreement.

**II.    Legal Principles**

Under well-established law, there are two ways in which claims under the FLSA can be settled and released by employees. First, 216(c) of the FLSA allows employees to settle and waive

their claims under the FLSA if the payment of unpaid wages by the employer to the employees is supervised by the Secretary of Labor. *See* 29 U.S.C. 216(c); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). Second, in the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement and the district court enters a judgment approving the fairness of the settlement. *Id.; see also Schulte, Inc. v Gandi*, 328 U.S. 108 (1946); *Jarrad v. Southeastern Shipbuilding Corp.*, 163 F.2d 960, 961 (5th Cir. 1947). In addressing the circumstances justifying court approval of an FLSA settlement in the litigation context, the Eleventh Circuit has explained:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial contact. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable comprise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores*, 679 F.2d at 1354

The settlement of the instant action involves just such a situation in which the Court may approve the Parties' settlement to resolve and release Plaintiff's FLSA wage claim. The proposed settlement arises out of an action brought by the Plaintiff against her former employer and which action is adversarial in nature. During the litigation and settlement of this action, Plaintiff was and is represented by experienced counsel.

The Parties' settlement of the unpaid wage claim is the result of a bona fide compromise between them on a variety of disputes of law and fact, including without limitation: (a) whether Plaintiff was an employee or independent contractor and whether she was exempt (more

3

particularly, did Plaintiff supervise two employees and have impact on hiring and firing of other employees and whether Plaintiff exercised discretion and independent judgment as to matters of significance, an issue that both sides realized could go either way at trial); (b) worked any compensable time without compensation, (c) whether Plaintiff worked time over forty hours in many weeks, which was not *de minimis*, but was not compensated at overtime rates for such time (assuming overtime pay was even required), (d) whether Defendants' actions were non-willful and taken in good faith and whether any award should be paid on a half-time or time and a half basis; (e) whether Defendants overpaid Plaintiff for certain days Plaintiff did not work and (f) whether Defendants other than Lux, were engaged in a joint enterprise and/or were joint employers.

Undersigned Counsel represented Plaintiff on a contingency basis. The amount of fees being paid to Undersigned Counsel is a fraction of what a reasonable lodestar would have amounted to. The case was defended thoroughly by defense counsel.

The settlement negotiated and reached by the Parties reflects a reasonable compromise of the various disputed issues. The Parties engaged in detailed settlement discussions on a number of occasions, through their counsel, during which they discussed the viability of Plaintiff's claims and formulated their own proposed settlement figures. The Parties continued to engage in settlement discussions based upon their independent calculations.

The Parties, through their attorneys, voluntarily agreed to the terms of their settlement during negotiations, and agree that the terms of the settlement are fair and equitable under the circumstances. The Parties agree that the settlement adequately compensates Plaintiff for the FLSA wage claims.

Plaintiff was counseled and represented by her attorney through the litigation and settlement process, and the Settlement Agreement has been signed by all Parties.

### III. Conclusion

The Parties have stipulated that the terms of the Settlement Agreement represent a fair and reasonable compromise of Plaintiff's claims and the Parties request that this Honorable Court enter an Order: (1) approving the terms of the Settlement Agreement (attached hereto as Exhibit A); (2) ordering the Parties to comply with the Settlement Agreement; (3) dismissing the action with prejudice; (4) retaining jurisdiction to enforce the terms of the Settlement Agreement as set forth herein; and (5) granting the Parties any such other and further relief as this Honorable Court deems just.

Respectfully submitted,

Dated:  March 15, 2019

| | |
|---|---|
| By: *s/ Steven L. Schwarzberg* | By: *s/ Joshua H. Sheskin* |
| Steven L. Schwarzberg, Esq. | Joshua H. Sheskin, Esq. |
| Florida Bar No. 0306134 | Florida Bar No. 93028 |
| steve@schwarzberglaw.com | jhs@lubellrosen.com |
| mail@schwarzberglaw.com | LUBELL & ROSEN, LLC |
| SCHWARZBERG & ASSOCIATES | 200 S. Andrews Avenue , Suite 900 |
| 2751 South Dixie Highway, Suite 400 | Ft. Lauderdale, Florida 33301 |
| West Palm Beach, FL 33405 | Telephone:    (954) 880-9500 |
| Telephone:    (561) 659-3300 | Facsimile:    (954) 755-2993 |
| Facsimile:    (561) 693-4540 | |
| | *Attorneys for Defendants* |
| *Attorneys for Plaintiff* | |

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 15, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List via transmission of Notice of Electronic Filing generated by CM/ECF and Electronic Mail.

s/ *Steven L. Schwarzberg*
Steven L. Schwarzberg, Esq.

## **SERVICE LIST**

| | |
|---|---|
| Steven L. Schwarzberg, Esq.<br>steve@schwarzberglaw.com<br>mail@schwarzberglaw.com<br>SCHWARZBERG & ASSOCIATES<br>2751 South Dixie Highway, Suite 400<br>West Palm Beach, FL 33405<br>Telephone:       (561) 659-3300<br>Facsimile:         (561) 693-4540<br><br>*Attorneys for Plaintiff* | Joshua H. Sheskin, Esq.<br>jhs@lubellrosen.com<br>Joshua M. Bloom, Esq.<br>jmb@lubellrosen.com<br>LUBELL & ROSEN, LLC<br>200 S. Andrews Avenue , Suite 900<br>Ft. Lauderdale, Florida 33301<br>Telephone:       (954) 880-9500<br>Facsimile:         (954) 755-2993<br><br>*Attorneys for Defendants* |