**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:18-cv-23635-UU

NADIA RIVERA,

 Plaintiff,

v.

LUX COSMETIC SURGERY CENTER CORP., *et al.*,

 Defendants.
_____/

**ORDER**

 THIS CAUSE comes before the Court upon the Parties' Joint Motion for Approval of Settlement Agreement and for Dismissal with Prejudice (the "Motion"). D.E. 40. The Court has considered the Motion and the pertinent portions of the record and is otherwise fully advised in the premises.

 FLSA claims may only be released upon the approval of the Court or the Secretary of Labor. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-53 (11th Cir. 1982). Courts will approve a settlement if it is a "fair and reasonable resolution of a bona fide dispute over FLSA provision." *Id.* at 1354. Courts look to various factors to determine reasonableness, including "(1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of [plaintiff's] success on the merits; (5) the range of possible recovery; and (6) the opinions of the class counsel, class representatives, and the substance and amount of opposition to the settlement." *Leverso v. SouthTrust Bank of Al., Nat. Ass'n*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994). The FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that a counsel is compensated adequately and

that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement. *Silva v. Miller*, 307 F.App'x 349, 351 (11th Cir. 2009); *see McHone v. Donal P. Hoekstra Plumbing, Inc.*, 2010 WL 4625999, *1 (S.D. Fla. Nov. 4, 2010) (denying motion to approve FLSA settlement providing for $3,500 in fees and $1,000 in damages).

On March 15, 2019, the parties moved to approve their FLSA settlement. D.E. 40. After careful consideration of the settlement agreement and the claims in this action, the Court finds that the division of fees– $15,600 for Plaintiff and $10,400 in attorney's fees and costs – is a fair and reasonable compromise of the disputed claims. *See* D.E. 40-1. Accordingly, it is hereby

ORDERED AND ADJUDGED that the Parties' Motion, D.E. 40, is GRANTED. The Court will retain jurisdiction to enforce the settlement agreement until **April 22, 2019**. However, the Court will not enforce the confidentiality and non-disparagement provisions. It is further

ORDERED AND ADJUDGED that all pending claims are DISMISSED WITH PREJUDICE. The Clerk of Court SHALL administratively close this case. All future hearings are CANCELLED and all pending motions are DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this _21st__ day of March, 2019.

_____
URSULA UNGARO
UNITED STATES DISTRICT JUDGE

cc: counsel of record via cm/ecf